# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 1, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID RICCHETTI,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1456**  (BOR Appeal No. 2047275 & 2047580)
(Claim No. 2012000621)

**MCELROY COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David Ricchetti, by Jonathan Bowman, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. McElroy Coal Company, by Edward George III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 15, 2012, in which the Board affirmed a May 29, 2012, Order of the Workers' Compensation Office of Judges. The Board of Review also affirmed an August 15, 2012, Order of the Workers' Compensation Office of Judges. In its May 29, 2012, Order, the Office of Judges affirmed the claims administrator's March 19, 2012, decision closing Mr. Ricchetti's claim for temporary total disability benefits. In its August 15, 2012, Order, the Office of Judges affirmed the claims administrator's March 20, 2012, decision denying Mr. Ricchetti's request for payment of temporary total disability benefits from February 9, 2012, through April 2, 2012. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Ricchetti was diagnosed with bilateral carpal tunnel syndrome on January 25, 2011. On May 2, 2011, Mr. Ricchetti removed himself from the workforce as a result of progressing, non-work-related macular degeneration. On July 15, 2011, the Office of Judges held Mr.

1

Ricchetti's claim compensable for bilateral carpal tunnel syndrome, and he subsequently underwent bilateral carpal tunnel releases. Mr. Ricchetti is presently requesting temporary total disability benefits in connection with the bilateral carpal tunnel releases.

On March 19, 2012, the claims administrator closed Mr. Ricchetti's claim for temporary total disability benefits. On March 20, 2012, the claims administrator denied Mr. Ricchetti's request for payment of temporary total disability benefits from February 9, 2012, through April 2, 2012. On May 29, 2012, the Office of Judges affirmed the March 19, 2012, claims administrator's decision and held that Mr. Ricchetti has failed to show by a preponderance of the evidence that he was unable to return to his employment as a result of his compensable bilateral carpal tunnel syndrome. On August 15, 2012, the Office of Judges affirmed the March 20, 2012, claims administrator's decision and held that the weight of the evidence indicates that Mr. Ricchetti was totally disabled as a result of a non-compensable condition when he filed his application for temporary total disability benefits.

The Office of Judges found that Mr. Ricchetti ceased working on May 21, 2011, as a result of a non-compensable disease affecting his eyesight. Further, the Office of Judges found that Mr. Ricchetti was diagnosed with bilateral carpal tunnel syndrome in January of 2011, but was able to continue working until May 21, 2011, at which time his declining eyesight forced his departure from the workforce. The Office of Judges concluded that it cannot be found that Mr. Ricchetti was temporarily and totally disabled as a result of his compensable carpal tunnel syndrome because he was totally disabled due to a non-compensable condition prior to his requested onset date for temporary total disability benefits. The Board of Review reached the same reasoned conclusions in its decision of November 15, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 1, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II